```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America

    v.                              Case No. 2:03-cr-213-3

Chaz Frier

OPINION AND ORDER

    By judgment entered on April 3, 2006, defendant was sentenced to a term of incarceration of twenty-five years on Count 4 of the indictment, which charged him with using, brandishing or carrying a firearm during a crime of violence in violation of 18 U.S.C. §924(c)(1)(A)(ii).  The sentence imposed was agreed to by the parties in a plea agreement entered into under Fed. R. Crim. P. 11(c)(1)(C).  On October 6, 2020, defendant filed a motion for compassionate release from imprisonment under 18 U.S.C. §3582(c)(1)(A).  See Doc. 229.  Defendant cited his advancements towards rehabilitation through continuing education and expressed remorse for his actions.  He asserted that he would like to help look after his father, who is on dialysis and has survived COVID-19.  Defendant also requested that counsel be appointed to assist him.  Counsel was appointed to represent the defendant, and defendant's motion for appointment of counsel is moot.  On December 21, 2020, counsel filed a notice stating that he would not be supplementing defendant's motion.  See Doc. 231.  On January 11, 2020, the government filed a response to defendant's motion, arguing that defendant's motion should be dismissed for failure to exhaust administrative remedies.  Doc. 233.

    Under §3582(c)(1)(A)(i), a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the defendant has exhausted his administrative remedies.

If the defendant presents his request to the warden and receives no response within thirty days, he may then file a motion in the district court.  See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020); Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019).  This exhaustion requirement is not jurisdictional, but is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust.  United States v. Alam, 960 F.3d 831, 833-834 (6th Cir. 2020).  Defendant has not alleged that he has exhausted his administrative remedies, nor has he submitted evidence establishing exhaustion.

The court denies defendant's motion for compassionate release under §3582(c)(1)(A)(i) (Doc. 229) without prejudice.  The defendant may renew his motion after he has exhausted his administrative remedies.

Date: January 12, 2021           s/James L. Graham
                                 James L. Graham
                                 United States District Judge